Stephanie R. Tatar (237792)
**TATAR LAW FIRM, A.P.C.**
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695
*Stephanie@thetatarlawfirm.com*

*Attorney for Plaintiff Doug Eckstein*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUG ECKSTEIN<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL SERVICES, INC. d/b/a CREDIT COLLECTION SERVICES<br><br>Defendant. | Civil Action No. 3:17-cv-2916<br><br>**COMPLAINT FOR VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, TELEPHONE CONSUMER PROTECTION ACT AND ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>**DEMAND FOR JURY TRIAL** |

## I.
### PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"), the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.* and the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code § 1788 et seq. ("RFDCPA"), and other common law claims. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

1

COMPLAINT AND JURY DEMAND

## II.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.

### PARTIES

4. Plaintiff Doug Eckstein is an adult individual residing in Pittsburg, California 94565.

5. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services (hereafter "CCS") is a business entity with its principal office located at 2 Wells Avenue, Newton, MA 02459. The principal purpose of Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## IV.

### FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt and attempted to collect said debt from Plaintiff (hereafter the "debt").

7. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all pertinent times hereto, Plaintiff did not owe the alleged debt to the Defendant.

9. At all times pertinent hereto, Defendant made use of an automatic telephone dialing system to contact Plaintiff on his cellular telephone on multiple occasions.

Case 3:17-cv-02916-JCS   Document 1   Filed 05/22/17   Page 3 of 8

1   10.     Throughout the month of April 2017 through the present,
2  Defendant's representatives placed repeated harassing debt collection calls to
3  Plaintiff's cellular telephone, from numbers including, but not limited to (866)
4  303-6832, (877) 505-4630, (877) 281-7695, (866) 232-7419, and (866) 237-0925.
5   11.     Notwithstanding the above, on or about April 13, 2017, Plaintiff
6  advised Defendant's representatives that the debt did not belong to him. Plaintiff
7  attempted to request that Defendant's representatives refrain from contacting him
8  on his cellular phone but Defendant's representatives disconnected the calls before
9  Plaintiff could do so.
10  12.     Notwithstanding the above, Defendant contacted Plaintiff on
11  Plaintiff's cellular phone multiple times on April 11, 2017, April 12, 2017, and
12  April 18, 2017.
13  13.     Defendant acted in a false, deceptive, misleading and unfair manner
14  by contacting a non-debtor on more than one occasion.
15  14.     Defendant acted in a false, deceptive, misleading and unfair manner
16  by misrepresenting the amount, character or legal status of a debt.
17  15.     Defendant acted in a false, deceptive, misleading and unfair manner
18  by threatening to take action that cannot be legally taken and/or is not intended to
19  be taken.
20  16.     Defendant acted in a false, deceptive, misleading and unfair manner
21  by engaging in any conduct the natural consequence of which is to harass,
22  oppress, or abuse any person in connection with the collection of a debt.
23  17.     Defendant acted in a false, deceptive, misleading and unfair manner
24  by using unfair or unconscionable means to collect or attempt to collect a debt.
25  18.     Defendant knew or should have known that its actions violated the
26  FDCPA, TCPA and the RFDCPA. Additionally, Defendant could have taken the
27  steps necessary to bring its agents' actions within compliance of these statutes, but

3

COMPLAINT AND JURY DEMAND

1 neglected to do so and failed to adequately review those actions to insure
2 compliance with said laws.

3     19.    At all times pertinent hereto, Defendant was acting by and through its
4 agents , servants and/or employees, who were acting within the scope and course
5 of their employment, and under the direct supervision and control of the
6 Defendant herein.

7     20.    At all times pertinent hereto, the conduct of Defendant as well as its
8 agents, servants and/or employees, was intentional, willful, reckless, negligent and
9 in wanton disregard for federal and state law and the rights of the Plaintiff herein.

10     21.    As a result of Defendant's conduct, Plaintiff has sustained actual
11 damages, including, but not limited to injury to Plaintiff's reputation, invasion of
12 privacy, damage to Plaintiff's credit, out-of-pocket expenses, emotional and
13 mental pain and anguish, embarrassment, humiliation, damage to reputation and
14 pecuniary loss and will continue to suffer same for an indefinite time in the future,
15 all to her great detriment and loss.

16 **V.**

17 **COUNT 1 – VIOLATIONS OF THE FDCPA**

18     22.    Plaintiff incorporates the foregoing paragraphs as though the same
19 were set forth at length herein.

20     23.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of
21 the FDCPA..

22     24.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the
23 FDCPA.

24     25.    The above contacts between Defendant and Plaintiff were
25 "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and
26 1692a(5) of the FDCPA.

27

4

COMPLAINT AND JURY DEMAND

1     26.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692d, 1692e(2)(A), 1692e(5), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a) Communicating with persons other than the plaintiff on more than one occasion;

    (b) Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (c) The false representation of the amount, character or legal status of a debt;

    (d) Threatening to take action that cannot be legally taken and/or is not intended to be taken;

    (e) Using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer, and

    (f) Using unfair or unconscionable means to collect or attempt to collect any debt.

27.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

28.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VI.

## COUNT II – VIOLATIONS OF THE TCPA

29.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. At all times relevant hereto, Defendant used, controlled and/or operated an "automatic telephone dialing system" as defined by § 227(a)(1) of the TCPA.

31. Defendant initiated multiple calls to Plaintiff's cellular telephone using an automatic telephone dialing system to make the calls without the express consent of Plaintiff in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

33. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory, actual, and treble damages.

## VII.
## COUNT II – VIOLATIONS OF THE RFDCPA

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. CCS is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c) of the RFDCPA.

36. Plaintiff is a "debtor" and a "person" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

37. The above referenced CCS account is a "consumer debt" resulting from "consumer credit transactions" as defined by Cal. Civ. Code §§ 1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

38. CCS violated Cal. Civ. Code § 1788.17 of the RFDCPA by violating the FDCPA, including but not limited to 15 U.S.C. §§1692b, 1692c(b), 1692d, 1693e(5), 1692e(10), and 1692f.

39. CCS' acts as described above were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay monies relating to the inaccurate information.

40. As a result of the above violations of the RFDCPA, CCS is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## VIII.

## JURY TRIAL DEMAND

41. Plaintiff demands trial by jury on all issues so triable.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Treble damages;

(d) Punitive damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

1 | Dated: May 18, 2017

Respectfully submitted,

_____
Stephanie R. Tatar
Tatar Law Firm, A.P.C.
3500 West Olive Avenue
Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

8

COMPLAINT AND JURY DEMAND